## TILLSON v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

ELEVATED ROADS—INJURY TO RENTAL VALUES—EVIDENCE.
    In an action by a life tenant of abutting premises for an injunction and damages against an elevated railroad company, the plaintiff established a partial taking or interference with the easements of light, air, and access in and over the street, but furnished no satisfactory evidence of the general course of rental values in the neighborhood. It appeared that the buildings were extremely old and dilapidated, and without any modern improvements. *Held,* that the conclusion of the referees that there had been no such showing of injury to the rental value as would warrant injunctive relief and incidental damages should not be disturbed.

Action by Ann E. S. Tillson against the Manhattan Railway Company. From a judgment entered on the report of a referee dismissing the complaint, with costs, and from an order granting an extra allowance, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Henry G. Atwater, for appellant.
Sidney Smith, for respondent.

PER CURIAM. This is the usual action for an injunction and damages. The referees held that the easements of light, air, and

access in and over the Bowery had been in part taken or interfered with, but that the plaintiff had failed to show that by reason thereof damages had resulted to the fee or rental value of the premises. The plaintiff sued as life tenant only of the premises on the northeast corner of the Bowery and First street, which is an irregular plot, having a frontage of 30 feet 10 inches on the Bowery, the rear line being 40 feet in length. The depth of the plot is 73 feet 1 inch on the northerly line. Upon this lot are erected three two-story and attic buildings, together with a building on the rear, having an entrance entirely on First street, which was excluded from consideration by consent of the parties. The front buildings in suit are extremely old and dilapidated, and without any modern improvements. While instances were given where contiguous properties off the road had brought in proportion a higher rental, there was no satisfactory evidence of the general course of rental values given by the plaintiff, relying, as she did, upon the special instances given to show the trend of values both on and off the line of the railway. On the part of the defendant, evidence was introduced tending to show that the rental value of this property had increased since 1878; and its failure to show a greater increase was attributed to its poor rental condition. The plaintiff, as life tenant, had practically little interest in the fee; and therefore whether the land was worth more or less made but little difference, her interest being in the rents of the buildings; and, provided she got fair returns therefrom, she had no substantial grievance, even though the fee value was to some extent affected. If in this suit the fee were involved, then the error into which the referees fell in holding that, under the deeds, there was no ownership in the bed of the Bowery. might have been serious. We are of opinion, from an examination of the record, that we would not be justified in disturbing the conclusion reached by the referees, that there had been no such showing of injury to the rental value as would entitle the plaintiff to injunctive relief, and to damages as incidental thereto. We think, however, that the order granting an extra allowance should not have been made. Some of the difficulties presented upon the trial were made by the changing attitude of the defendant, who, after entering into a stipulation as to the effect of the road upon the premises, was permitted to withdraw it. This necessitated the taking of much testimony that might otherwise have been obviated.

The judgment should therefore be modified by striking out the extra allowance, and, as so modified, affirmed, without costs.